DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** )<br>)<br>**Plaintiff,** )<br>)<br>v.     )<br>)<br>**CHRISTOPHER S. SMITH and** )<br>**CHRISTINE L. SMITH,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 2012-0092 |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendants Christopher S. Smith and Christine L. Smith (collectively, the "Smiths"). (Dkt. No. 12). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

## BACKGROUND

On September 11, 2012, Flagstar filed a Complaint against the Smiths, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Flagstar asserts that the Smiths are titleholders of record to real property ("the Property"), who defaulted on a Promissory Note and on a Mortgage regarding that Property, which is described in the Warranty Deed as:

> Plot No. 19 Estate Canaan, Northside Quarter "B", consisting of 1.537 U.S. Acres, more or less, as more fully shown on OLG 1561 dated May 6, 1964, revised March 27, 1984.

(Deed, Dkt. No. 13-1).[1] The Complaint alleges that, on May 30, 2008, the Smiths executed and delivered to Flagstar a promissory note (the "Note"), which obligated them to pay the principal amount of $465,500.00, together with interest at a rate of 6.375% per annum, in consecutive monthly installments of $2,904.11 beginning July 1, 2008. (Compl. ¶¶ 7-8, Dkt. No. 1). To secure payment on the Note, the Smiths granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage dated May 30, 2008 over the Property (the "Mortgage"), which provided that the Smiths would pay to Flagstar the payments due under the Note. *Id.* ¶¶ 9-10.

The Complaint further alleges that, on or about March 1, 2012, the Smiths defaulted under the terms and conditions of the Note and defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to the Smiths by correspondence dated April 17, 2012, advising them that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 11-15. On August 8, 2012, MERS—for itself and as nominee for Flagstar—assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 17.

With regard to the debt cause of action, the Complaint provides that the Smiths owe Flagstar the sum of $444,192.72 in unpaid principal balance; interest from February 1, 2012 to June 15, 2012 of $10,525.23; escrow advances of $4,641.78; accumulated late charges of

---

[1] The Property is described in the Complaint as:

> Plot No. 19 of Estate Canaan, Northside Quarter "B", St. Croix, US Virgin Islands, consisting of 1.537 US acres, more or less, as more fully shown on OLG Drawing No. 1561 dated May 6, 1964 and revised March 27, 1984.

(Dkt. No. 1, ¶ 6)

2

$435.63; and pro-rata mortgage insurance of $422.83; for a total amount due of $460,218.19. *Id.* ¶ 20. Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 22, 23.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar has possession of the Note and is the holder of the Mortgage, allowing it to maintain the foreclosure action; that the Smiths are in default under the terms and conditions of the Note, and that they are in default under the terms and conditions of the Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from the Smiths. *Id.* ¶¶ 26-28.

The Smiths were served with a copy of the Summons and Complaint on October 22, 2012. (Dkt. Nos. 6, 7). They have neither answered the Complaint nor appeared in this action. On March 7, 2013, Flagstar filed an Application for Entry of Default against the Smiths (Dkt. No. 8). The Clerk of Court entered default against both Defendants on March 12, 2013. (Dkt. No. 10).

On August 6, 2013, Flagstar filed its Motion for Default Judgment (the "Motion") (Dkt. No. 12), along with a Memorandum of Law in Support of Motion for Default Judgment (Dkt. No. 13), an Affidavit of Indebtedness (Dkt. No. 14), and a Declaration of Counsel in Support of Attorney's Fees. (Dkt. No. 15). In its Memorandum of Law, Flagstar argues that the procedural elements for default judgment have been satisfied because: the Smiths were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and they are not

infants or incompetent persons, nor in the military service. (Dkt. No. 13 at 6-7). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that: title to the Property is held by the Smiths; the Smiths executed the Note and the accompanying Mortgage; Flagstar has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; the Smiths defaulted under the terms of the Note and the Mortgage; Flagstar gave the Smiths proper notice of the default and they failed to cure the default; and Flagstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 7. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-10.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness, signed by Andrea Bilek, a Flagstar Foreclosure Analyst, who explained how the Bank's document management system keeps track, and maintains records, of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 14, ¶¶ 3-8). The Affidavit sets forth the amounts due and owing through May 31, 2013: $444,192.72 in unpaid principal balance; interest from February 1, 2012 through May 31, 2013 of $37,724.00; escrow advances of $12,386.98, consisting of hazard insurance, mortgage insurance, and property tax payments; mortgage insurance premiums for May and June 2013 of $845.66; accumulated late fees of $435.63; inspections or other property preservation fees of $92.00; for a total amount due of $495,676.99. *Id.* ¶¶ 10-13. Ms. Bilek asserts that interest accrues at the per diem rate of $77.58. *Id.* ¶ 14. She also states that, based on the information she reviewed in connection with the loan, she had no information indicating that the Smiths were either minors or incompetent. In addition, pursuant to an investigation conducted on June 14, 2013 using official online resources provided by the Department of

Defense's Manpower Data Center, there was no record that the Smiths were active members of the military service. *Id.* ¶ 16, Dkt. No. 14-8.

In the Declaration of Counsel in Support of Costs and Attorney's Fees, Flagstar's Counsel, A. Jennings Stone, Esq., averred that he, as a Senior Associate Attorney, billed at $250.00 per hour on this matter, and that Attorney Nycole A. Thompson also billed at $250.00 per hour. (Dkt. No. 15). He attached billing records showing that the total time spent on this matter was 9.50 hours through August 5, 2013; that the total amount of attorney's fees incurred was $2,312.50; and that the total amount of costs expended was $817.68. *Id.*; Dkt. No. 15-1.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R.

Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

### A. Default Judgment

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against the Smiths. It has shown that: (1) default was entered against the Smiths by the Clerk of Court (Dkt. No. 10); (2) the Smiths have not appeared; (3) the Smiths are neither infants nor incompetent persons (Dkt. No. 14, ¶ 16; *see also* Affidavit of Process Server, describing Christine L. Smith as between 40-50 years old, Dkt. No. 6-1); and (4) the Smiths were validly served with process. (Dkt. Nos. 6, 7). In addition, Flagstar provided copies of two Military Status Reports from the Department of Defense Manpower Data Center showing that the Smiths are not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 14-8). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 14).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from the Smiths' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, the Smiths' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d

Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

### B. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 15-1, ¶ 6(E); Dkt. No. 15-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether

the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Flagstar seeks $2,312.50 in attorney's fees as compensation for 9.50 hours of work billed in this matter. The Court finds that the number of hours billed was reasonable in this run-of-the-mill default judgment debt and foreclosure case. *See, e.g., Nationstar Mortgage, LLC v. Wilcox*, 2013 WL 3376719, at *5 (D.V.I. July 5, 2013) (awarding $3.337.50 in attorney's fees where counsel spent a total of 13.85 hours on the case); *Flagstar Bank, FSB v. Roberts*, 2014 WL 714142, at *4 (D.V.I. Feb. 25, 2014) (awarding $1,902.50 in attorney's fees for 10.25 hours of work on the case).

With regard to the second step of assessing the reasonableness of attorney's fees—whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Flagstar has also provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for similar services charged by comparable attorneys in the Virgin Islands is between $250.00 and $300.00 per hour. (Dkt. Nos. 13-3, 13-4, 13-5). The Court therefore concludes that the $250.00 per hour rate charged by Flagstar's attorneys is reasonable and falls within the scope of rates for such services. (Dkt. No. 15).

Based on the foregoing, the Court concludes that the $2,312.50 sought in attorney's fees is reasonable and will be awarded by the Court.

With regard to costs, under the terms of the Mortgage, the Smiths agreed to "pay[] all expenses incurred in enforcing this Security Instrument. . ." (Dkt. No. 14-2, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement of $817.68 for the following costs: title search, recording fees, on-line searches on Accurint (People/Business search), filing fees, postage, messenger service, and process servers. (Dkt. No. 15-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $817.68.

## CONCLUSION

Flagstar has satisfied the requirements necessary for entry of a default judgment against Christopher S. Smith and Christine L. Smith. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 12) will be granted. The Court will award a total of $3,130.18 in attorney's fees and costs.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 5, 2014 _____/s/_____
                    WILMA A. LEWIS
                    Chief Judge